IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAWSON HUMPHREY-FITTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-877 |
| JENNIFER DUKE and | ) Judge Campbell |
| JUDGE DEE DAVID GAYE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Lawson Humphrey-Fitts, a state prisoner incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), based on allegations that the defendants violated his constitutional rights when they revoked his probation. Because he proceeds *in forma pauperis*, the complaint is before the Court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. FACTUAL ALLEGATIONS

The plaintiff names as defendants Sumner County Criminal Court Judge Dee David Gay,[1] and Jennifer Duke, who is a case officer with the MCHRA Community Corrections Program. He alleges that he was administered a drug-screening test by Duke on August 12, 2011. The results of the drug-screening test were sent to the plaintiff's probation officer, Timothy Clouse, who knew, because the plaintiff had told him, that the plaintiff was taking a prescription medication that would result in a false positive on the drug screen administered by Duke. According to the plaintiff, his probation officer told him not to worry, but Duke allegedly called the laboratory that analyzed the sample submitted by the plaintiff, and was told that "there isn't any medicine that can show a false positive on a drug test." (ECF No. 1, at 5.) On August 31, 2011, the plaintiff

---

[1] The plaintiff spelled the judge's name as "Gaye" in his pleading, but the Court takes notice that the correct spelling is "Gay."

was charged with violating the terms of his probation due to the positive drug screen.

In October 2011, the plaintiff had a probation-revocation hearing at which he attempted to show to Judge Gaye papers in his possession proving that the medication he was taking resulted in a false positive result on the drug screen. The judge refused to accept the plaintiff's proffered documents and instead viewed only the laboratory report submitted by Duke. On the basis of the laboratory report, the plaintiff was found guilty of violating the terms of his probation; his probation was revoked and he was returned to prison. The plaintiff insists that if Duke had shown Judge Gaye all his papers, the judge would have known about the plaintiff's medicine and the plaintiff would not have been found guilty.

The plaintiff seeks an order directing his release from prison as well as an award of monetary damages for pain and suffering, false imprisonment, and defamation of character.

**II.     STANDARD OF REVIEW**

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must dismiss any portion of a civil complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS AND DISCUSSION

To the extent the plaintiff seeks monetary relief for alleged violations of his constitutional rights, his claims would ordinarily be appropriate under § 1983. However, in the present case the plaintiff seeks to have this Court set aside the state court's revocation of his probation. The plaintiff has not shown that he appealed his probation revocation through the appropriate channels. The plaintiff's claims in this Court are therefore barred in their entirety by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner may not pursue a § 1983 suit for damages or equitable relief challenging his probation revocation until the revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Corsetti v. McGinnis*, 97 F.3d 1451 (Table), 1996 WL 543684 (6th Cir. Sept. 24, 1996) (applying *Heck* in the context of a challenge to the revocation of probation).

Even if *Heck* did not apply, the plaintiff's suit against Judge Gay in his individual capacity for monetary damages is barred because the judge is absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Judge Gay is also immune from injunctive relief under the circumstances presented here. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority . . . to direct state courts or their judicial officers in the performance of their duties.").

In addition, the plaintiff's factual allegations indicate that defendant Jennifer Duke is entitled to absolute immunity as well, either quasi-judicial immunity, or immunity for testifying as a witness. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity is granted to state officials when (1) their positions are akin to that of judges; (2) the potential for

vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994) (quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"). To the extent the plaintiff's claims against Duke arise from Duke's presentation of the laboratory report to Judge Gay and advocating for a finding that he had violated the terms of his probation, Duke was apparently functioning as a probation officer. Functioning as a probation official is a judicial function for which Duke is entitled to quasi-judicial immunity. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from prisoner's § 1983 claim).

Duke is also immune from liability to the extent she is sued for her actions in court as a witness at the plaintiff's probation-revocation hearing. *See Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) (" '[A]ll witnesses—police officers as well as lay witnesses—are absolutely immune from liability based upon their testimony in judicial proceedings.' " (quoting *Briscoe v. Lahue*, 460 U.S. 325, 328 (1983))); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (holding that a deputy sheriff was absolutely immune from suit for his testimony during former defendant's criminal trial, "no matter how egregious or perjurious that testimony was alleged to have been"). The plaintiff's complaint regarding defendant Jennifer Duke concerns either the performance of her duties as a community corrections or probation officer, or her functioning as a witness at the plaintiff's probation hearing. In either case, Duke is entitled to absolute immunity from suit for damages as well.

**IV.    CONCLUSION**

The plaintiff's claims, which arise from his disagreement with the state trial court's finding that he violated the terms of his probation, are completely barred by the doctrine established by *Heck v. Humphrey*, 512 U.S. 477 (1994). Even if that were not the case, both Judge Gay and Jennifer Duke are entitled to absolute immunity from suit for damages under the circumstances presented here. Because the plaintiff has

failed to state a viable claim for violation of his constitutional rights that may be vindicated through an action under 42 U.S.C. § 1983, the complaint is subject to dismissal.

An appropriate order will enter.

_____
Todd Campbell
United States District Judge